NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 10 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARGO CASH SCHIEWE, an individual, | No. 20-35882 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-00519-JR |
| v. | |
| SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 503, a labor organization; DEPARTMENT OF ADMINISTRATIVE SERVICES; BERRI LESLIE, in her official capacity as Interim Director of the Oregon Department of Administrative Services, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Karin J. Immergut, District Judge, Presiding

Submitted July 6, 2023[**]

Before: WALLACE, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Margo Cash Schiewe appeals from the district court's dismissal of her 42 U.S.C. § 1983 action alleging that the unauthorized deduction of union dues from her pay violated her First and Fourteenth Amendment rights under *Janus v. Am. Fed'n of State, Cnty., and Mun. Emps., Council 31*, ___U.S.___, 138 S. Ct. 2448 (2018). We have jurisdiction pursuant to 28 U.S.C. § 1291 and review de novo. *Wright v. SEIU Loc. 503*, 48 F.4th 1112, 1118 n.3 (9th Cir. 2022), *cert. denied*, 143 S. Ct. 749 (2023). We may affirm on any ground supported by the record. *Ochoa v. Pub. Consulting Grp., Inc.*, 48 F.4th 1102, 1106 (9th Cir. 2022), cert. denied, 143 S. Ct. 783 (2023). We affirm.[1]

The district court properly dismissed the First Amendment claims for prospective relief as moot. The deduction of union dues ended shortly after the complaint was filed. Schiewe is no longer a member of the union and has not shown that it is likely that potential future unauthorized dues deductions will occur. *See Wright*, 48 F.4th at 1120 (allegations of past injury alone with only the potential of future unauthorized dues deductions are too speculative to establish a live controversy for a First Amendment claim for prospective relief); *Bain v. Cal. Teachers Ass'n*, 891 F.3d 1206, 1211-14 (9th Cir. 2018) (holding that plaintiffs' claims for First Amendment prospective relief were moot when they resigned their

---

[1]This appeal has been held in abeyance since February 10, 2022, pending issuance of the mandate in No. 20-36076, *Zielinski v. SEIU, Local 503*, or further order of this court. The stay is lifted.

memberships, dues deductions had ceased during the litigation, and they presented no reasonable likelihood that they would rejoin the union in the future).

The district court properly dismissed the Fourteenth Amendment procedural due process claims alleged against the state. Schiewe did not allege that the state intentionally withheld unauthorized dues. *See Ochoa*, 48 F.4th at 1110-11 (holding that the plaintiff failed to state a due process claim absent facts showing that the government intended to withhold unauthorized dues and thus deprive the plaintiff of a liberty interest). *Janus* did not impose an affirmative duty on the government to ensure that the membership agreement between the employee and union is genuine. *Wright*, 48 F.4th at 1125.

The district court properly dismissed the civil right claims alleged against the union. The union was not a state actor when it provided the dues authorization to the state employer, even if the authorization was fraudulent. *Id.* at 1120-25. Nor did the district court err in dismissing the section 1983 claims against the state agency and its director, as neither are "persons" subject to an action under section 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989).

**AFFIRMED.**